**UNDER SEAL**

FILED 17 MAY '22 15:40 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-183-IM |
| v. | INDICTMENT |
| ALFRED E. NEVIS, | 18 U.S.C. §§ 1028A, 1343, 1957 and Forfeiture Allegations |
| Defendant. | **UNDER SEAL** |

THE GRAND JURY CHARGES:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment:

1. **ALFRED E. NEVIS ("NEVIS")**, defendant herein, resided in Arroyo Grande, California, and worked in the development and construction of residential real estate.

2. Isley Farms North, LLC ("Isley Farms") was an Oregon corporation.

3. OnPoint Community Credit Union ("OnPoint") was a federally insured financial institution based in Portland, Oregon.

4. Adult Victim Number 1 ("AV-1") resided in the States of Oregon and California and had worked for **NEVIS** in various capacities.

Indictment             Page 1
Revised April 2018

5.     Adult Victim Number 2 ("AV-2") resided in the State of California and had worked for **NEVIS** in various capacities.

## Economic Injury Disaster Loans

6.     The Economic Injury Disaster Loan ("EIDL") program was a Small Business Administration ("SBA") program providing low-interest financing to small businesses, renters, and homeowners affected by declared disasters.

7.     On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security (CARES) Act into law. That statute, along with the Coronavirus Preparedness and Response Supplemental Appropriations Act, authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amounts of the advances were determined by the number of employees that applicants certified having. The advances did not have to be repaid.

8.     In order to obtain an EIDL and advance, a qualifying business was required to provide information about the business's operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the date of the disaster was deemed to be January 31, 2020. The applicant was also required to certify that all the information in the application was true and correct to the best of the applicant's knowledge.

9.     Disbursements of the proceeds of EIDLs and advances were transmitted electronically to borrowers' designated financial institutions by means of wire communications originating at the SBA's Denver Finance Center in Denver, Colorado.

### COUNT 1
### (Wire Fraud)
### (18 U.S.C. § 1343)

10. The allegations in paragraphs 1 through 9 of this Indictment are incorporated as though realleged herein.

## THE SCHEME

11. From not later than April 1, 2020, and continuing at least through August 6, 2020, defendant **NEVIS** devised and intended to devise a material scheme to defraud the SBA and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

12. Specifically, **NEVIS** applied for and obtained EIDLs and advances using stolen identities and false borrower information with the intent to steal and to convert to his personal use the proceeds of those loans and advances and without any intent to use the proceeds thereof for any authorized purpose.

## MANNER AND MEANS

It was part of this scheme that:

13. **NEVIS** used the names and other means of identification of other individuals who were then known to him—including current and former employees, business associates, and their spouses—without lawful authority for the purposes of registering straw corporations, procuring Employer Identification Numbers ("EINs") for those corporations, and applying to the SBA on behalf of those corporations for EIDLs and advances.

14. **NEVIS** registered Isley Farms with Oregon's Secretary of State by means of an electronic filing on or about June 18, 2020. According to the Articles of Organization filed on that date, **NEVIS** attested that he was the sole organizer, registered agent, and individual with

direct knowledge of the company. He declared his own address and the company's mailing address and principal place of business to be 40800 SE Gordon Creek Rd, Corbett, Oregon.

15.   Also on or about June 18, 2020, **NEVIS** applied to the Internal Revenue Service ("IRS") for an EIN for Isley Farms. In that application, **NEVIS** used AV-1's name and Social Security Number. The IRS issued Isley Farms (in AV-1's name) the EIN 85-1484051 on the same date.

16.   On or about June 19, 2020, **NEVIS** opened business checking account number *****907 for Isley Farms at an OnPoint branch in Gresham, Oregon. On a certification of beneficial ownership submitted as part of the account-opening process, **NEVIS** attested that he was the sole beneficial owner and controlling person for Isley Farms.

17.   On or about June 20, 2020, **NEVIS** submitted to the SBA application number 3305659489 on behalf of Isley Farms, requesting an EIDL in the amount of $150,000 and an additional advance in the amount of $10,000. On that application, **NEVIS** used AV-2's name, date of birth, and Social Security Number, as well as the EIN issued in AV-1's name.

18.   Among other things, **NEVIS** made the following repesentations on the EIDL application:

    a.   AV-2 owned one hundred percent of Isley Farms;

    b.   The company began operations on January 5, 2012; and

    c.   The company had 12 employees and had generated $725,800 in revenue over the twelve months ending on January 31, 2020.

All of these representations were false.

/ / /

19. **NEVIS** indicated in application number 3305659489 that the proceeds of the requested EIDL and advance should be deposited in Isley Farms' business checking account number *****907 at OnPoint.

20. The SBA approved application number 3305659489 on or about June 24, 2020, and issued loan number 3285578004, obligating the EIDL in the amount of $150,000. On June 25, 2020, the SBA initiated the electronic transfer of those funds to the above-referenced OnPoint account in Oregon.

21. On or about July 6, 2020, the SBA approved the disbursement of a $10,000 advance to Isley Farms and initiated the electronic transfer of those funds to the above-referenced OnPoint account in Oregon.

22. Between April 1, 2020, and July 23, 2020, **NEVIS** submitted at least twelve applications for EIDLs and advances to the SBA, using the names and other means of identification of AV-1, AV-2, and at least six other individuals without lawful authority and knowingly supplying materially false borrower information, thereby obtaining a total of $1,378,000. The SBA funded the last of the EIDLs, in the amount of $150,000, on August 6, 2020.

## WIRE FRAUD

23. On or about June 25, 2020, in the District of Oregon and elsewhere, defendant **ALFRED E. NEVIS**, for the purpose of executing the scheme to defraud described above, caused to be transmitted by means of wire communication in interstate commerce, to wit from the State of Colorado to the State of Oregon, the disbursement of EIDL number 3285578004.

All in violation of Title 18, United States Code, Section 1343.

///

## COUNT 2
### (Aggravated Identity Theft)
### (18 U.S.C. § 1028A)

24. Count 1 of this Indictment, along with all allegations in support thereof, is incorporated as though realleged herein.

25. On or about June 20, 2020, in the District of Oregon and elsewhere, defendant **ALFRED E. NEVIS** did knowingly use, without lawful authority, the means of identification of another person, to wit the name, date of birth, and social security number of AV-2, during and in relation to the felony violation of 18 U.S.C. § 1343 charged in Count 1 of this Indictment, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 3
### (Money Laundering)
### (18 U.S.C. § 1957)

26. On or about September 8, 2020, in the District of Oregon and elsewhere, defendant **ALFRED E. NEVIS** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, to wit the deposit of a cashier's check, drafted on OnPoint Community Credit Union in the amount of $160,001 and comprising the proceeds of EIDL number 3285578004, into the account number ending in 8354 at Pacific Premier Bank, a federally insured financial institution headquartered in California, such property having been derived from a specified unlawful activity, that is, wire fraud as alleged in Count 1 of this Indictment.

All in violation of Title 18, United States Code, Section 1957.

///

## FIRST FORFEITURE ALLEGATION

27. Upon conviction of the wire fraud offense alleged in Count 1 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

28. If the above-described forfeitable property, as a result of any act or omission of defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

## SECOND FORFEITURE ALLEGATION

29. Upon conviction of the money laundering offense alleged in Count 3 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any and all property, real or personal, involved in or derived from said offense and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

30. If the above-described forfeitable property, as a result of any act or omission of defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: May 17, 2022

A TRUE BILL.

[signature redacted]
OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
United States Attorney

[signature]

RYAN W. BOUNDS, OSB #00012
Assistant United States Attorney